Ernest TUSINO, Plaintiff,

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., Defendants.**

No. 96 Civ. 2774.

United States District Court,
S.D. New York.

Aug. 27, 1997.

Richard M. Seltzer, Cohen, Weiss and Simon, New York City, for Intern. Broth. of Teamsters.

## ORDER

EDELSTEIN, District Judge.

WHEREAS plaintiff Ernest Tusino ("Plaintiff" or "Tusino") moves this Court "for an order to change venue because the initial transfer was erroneous and pursuant to 29 U.S.C. § 185(c), 29 U.S.C. § 142 and 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interest of justice," (Notice of Motion, *Tusino v. IBT*, 96 Civ. 2774 (July 19, 1997)); and

WHEREAS in support of this motion, plaintiff claims that: (1) this case "was transferred erroneously" to this Court from the District of Massachusetts; and (2) "[a]part from the Consent Decree, there is no basis for placing venue in the Southern District of New York," (Memorandum of Points and Authorities in Support of Motion to Change Venue, *Tusino v. IBT*, 96 Civ. 2774 (July 19, 1997) ("Pltf. Motion")); and

WHEREAS in a letter dated August 14, 1997, the United States Attorney for the Southern District of New York ("the Government") opposes plaintiff's motion, (Letter from Assistant United States Attorney Beth E. Goldman to Judge David N. Edelstein, United States District Judge for the Southern District of New York, (Aug. 14, 1997) ("Govt. Letter")); and

WHEREAS in support of its position, the Government asserts that plaintiff's motion "is without merit and should be denied" because: (1) "Tusino's action implicates the Consent Decree and is therefore properly before this Court"; (2) "nothing in Tusino's papers submitted in support of his motion to transfer venue alters the conclusion that his allegations implicate the Consent Decree"; and (3) "Tusino's arguments as to why the case does not implicate the Consent Decree are frivolous and evidence a complete lack of familiarity with the extensive case law developed in this action," *id.* at 1–2; and

WHEREAS in papers dated August 8, 1997, counsel for the International Brotherhood of Teamsters ("the IBT") also oppose

plaintiff's motion to transfer venue, (Motion of Law of International Brotherhood of Teamsters and Ronald Carey in Opposition to Plaintiff's Motion for an Order to Change Venue, *Tusino v. IBT*, 96 Civ. 2774 (Aug. 8, 1997)); and

WHEREAS according to the IBT, "[p]laintiff's motion, which is made more than one year after the transfer of this case to this Court, is frivolous and a waste of the time and resources of this Court and the parties," because: (1) "plaintiff's claim directly implicates the Consent Decree"; (2) under the Consent Decree, the All Writs Act, and their interpretive case law, this Court has jurisdiction over any lawsuit that implicates the Consent Decree; and (3) plaintiff himself does not deny that the issues underlying the instant case implicate the Consent Decree, *id.* at 1–2, 6–9; and

WHEREAS it is well settled that under the Consent Decree and the All Writs Act, this Court may enjoin all IBT members and affiliates from "filing or taking any legal action that challenges, impedes, seeks review of or relief from, or seeks to prevent or delay any act of the court officers appointed ... pursuant to the Consent Decree in any court or forum in any jurisdiction except this Court," *United States v. IBT*, 728 F.Supp. 1032, 1039–40 n. 5 (S.D.N.Y.), *aff'd*, 907 F.2d 277 (2d Cir.1990); and

WHEREAS by Order dated April 10, 1996, Honorable Nathaniel M. Gorton, United States District Judge for the District of Massachusetts, *sua sponte* ordered the instant litigation transferred to this Court and enjoined the plaintiff in the instant action from pursing the instant litigation in any forum other than this Court, Order, *Tusino v. IBT*, No. 96–49956–NMG (D.Mass April 10, 1996) ("the April Order"); and

WHEREAS in the April Order, Judge Gorton recognized this Court's authority to enjoin IBT members and affiliates from pursuing Consent Decree related litigation in any forum other than this Court, *id.* at 3; and

WHEREAS Judge Gorton then found that: (1) "plaintiff's Complaint and motion are based on allegations that the defendants have unlawfully attempted to impede the election campaigns of both the plaintiff and candidate Hoffa"; (2) that these allegations challenge the actions of officers appointed under the Consent Decree and, thus, implicate the Consent Decree; and (3) that the instant case should be transferred to this Court, *id.*; and

WHEREAS in a decision dated June 21, 1996, this Court found that the allegations contained in plaintiff's Complaint "are properly the subject of an election protest" addressed to the Election Officer appointed by this Court pursuant to the Consent Decree, and that plaintiff's case therefore falls within this Court's jurisdiction under the Consent Decree, *Tusino v. IBT*, 928 F.Supp. 319, 331 (S.D.N.Y.1996); and

WHEREAS this Court has reviewed plaintiff's papers, and finds that they are devoid of facts that would cause this Court to either question Judge Gorton's April Order or to reevaluate this Court's own decision; and

WHEREAS this Court also finds that plaintiff not only has failed to offer a convincing legal argument in support of his motion, but also has demonstrated a complete lack of familiarity with the extensive body of Consent Decree case law promulgated by this Court and the Second Circuit; and

WHEREAS this Court further cautions plaintiff's counsel that this Court tolerates neither frivolous motions nor shoddy lawyering, and that both practices are grounds for sanctions; and

WHEREAS accordingly, this Court finds that plaintiff's motion should be denied with prejudice;

IT IS HEREBY ORDERED THAT plaintiff's motion to change venue is DENIED WITH PREJUDICE.

**SO ORDERED.**